## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

ROBERT LACKEY                                                              PLAINTIFF
ADC #140854

v.                                    4:21-cv-00872-KGB-JJV

YELL COUNTY JAIL, *et al.*                                              DEFENDANTS

### ORDER

Robert Lackey ("Plaintiff"), an inmate housed at the Yell County Jail ("County Jail").

filed a Complaint and Addendum, without the help of a lawyer under 42 U.S.C. § 1983, explaining

he is suing the County Jail for not paying for his hernia surgery.   (Doc. Nos. 1 and 3-1.)

On November 8, 2021, I provided Plaintiff thirty days to file an Amended Complaint on a

§ 1983 complaint form, explaining the County Jail, Plaintiff's sole Defendant, is not an entity

subject to suit under § 1983.   (Doc. No. 8); *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027

(8th Cir. 2003); *La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436 (8th Cir. 2001) (unpub.

table op.)

Plaintiff failed to file an Amended Complaint within thirty days. [1]   Therefore, on

December 16, 2021, I entered a Proposed Findings and Recommendation ("Recommendation"),

recommending that Plaintiff's claims be dismissed based on his failure to state a claim upon which

relief can be granted.   (Doc. No. 15.)

However, on December 29, 2021, Plaintiff filed an Amended Complaint, alleging: (1) Jail

Administrator Mike May and Supervisor Jennifer Keener did not schedule an appointment for

---

[1] On November 10, 2021, rather than file an Amended Complaint as instructed, Plaintiff filed a
Motion to Amend, providing the name of four individuals without any explanation as to how any
of these individuals were personally involved in any alleged constitutional violations.   (Doc. No.
9.)   I denied the Motion to Amend, explaining the Court will only consider claims properly pled
in a Complaint or superseding Amended Complaint.   (Doc. No. 10.)

Plaintiff to have hernia surgery he asserts he needs; and (2) Dr. Darrel Elkin has not provided him any treatment for his pain and suffering.   (Doc. No. 18.)   Accordingly, I withdraw the Recommendation to dismiss this lawsuit (Doc. No. 15).

I conclude, for screening purposes only, Plaintiff has pled plausible claims against Defendants May, Kenner and Elkin in his Amended Complaint,[2] and service is appropriate on these Defendants.

Because the Amended Complaint replaces the original Complaint (as explained in Doc. No. 2), and Plaintiff has not included the County Jail as a Defendant in his Amended Complaint, claims against the County Jail are no longer a part of this lawsuit.   Accordingly, the Clerk shall terminate Yell County Jail as a Defendant in this case.

Finally, Plaintiff was already granted permission to proceed *in forma pauperis* ("IFP"), (Doc. No. 8), so his Motion for Leave to Proceed IFP is denied as moot.   (Doc. No. 17.)

IT IS, THEREFORE, ORDERED that:

1.      The Court WITHDRAWS the Recommendation (Doc. No. 15).

2.      The Clerk of Court shall prepare a summons for Defendants Mike May, Darrel Elkin, and Jennifer Keener through the Yell County Jail, Post Office Box 99, Danville, Arkansas 72833-0099.   The United States Marshal shall serve the summonses, Amended Complaint (Doc. No. 18), and this Order on them without prepayment of fees and costs or security therefore.

3.      The Clerk shall TERMINATE Yell County Jail as a Defendant.

---

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

4.      Plaintiff's motion to proceed IFP (Doc. No. 17) is DENIED, as moot.

DATED this 5th day of January 2022.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE